UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INTERNATIONAL MONETARY,<br><br>         Plaintiff(s),<br><br>  v.<br><br>GLOBAL TECH INDUSTRIES GROUP, INC., et al.,<br><br>         Defendant(s). | Case No. 2:21-CV-1820 JCM (DJA)<br><br>ORDER |

Presently before the court is plaintiff International Monetary's ("Monetary") motion to strike defendant Global Tech Industries Group, Inc.'s ("Global") petition for removal (ECF No. 1)[1] for being filed by unauthorized counsel. (ECF No. 9). No response was filed, and the time to do so has passed.

Global's retained counsel, Mr. Warren Markowitz, filed Global's petition for removal on September 30, 2021. (ECF No. 1). On the same day, Mr. Markowitz filed a verified petition for permission to practice pro hac vice in this case. (ECF No. 2). This court denied Mr. Markowitz's initial petition (ECF No. 6), as well as his motion for reconsideration of the denial (ECF No. 10).

Mr. Markowitz is certified to practice law within the state of Nevada as an emeritus pro bono attorney but has not appropriately applied for admission to the bar of this court under Local

---

[1] Global included a request for a temporary restraining order within its petition for removal, but pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for each purpose. Since it was not filed separately, the court does not consider this request for a temporary restraining order.

**James C. Mahan**
**U.S. District Judge**

Rule IA 11-1. Mr. Markowitz errantly petitioned this court for pro hac vice status; he does not satisfy all the conditions set forth in LR IA 11-2(a).[2] (*See* ECF No. 10).

It is well established that district courts have inherent power to control their own dockets, including the power to strike items from the docket. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Local Rule IA 10-1 also provides that a "court may strike any document that does not conform to an applicable provision of these rules or any Federal Rule of Civil or Criminal Procedure."

It has also been law for the better part of two centuries that a "corporation may appear in the federal courts only through licensed counsel." *Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Reading Intern., Inc. v. Malulani Gr., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016) ("A corporation must be represented by counsel."). Therefore, courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations to appear in federal court except through a licensed attorney. *Rowland*, 506 U.S. at 202 (collecting cases).

Consequently, because Mr. Markowitz's verified petition to practice pro hac vice was denied—rendering Global unrepresented and without authorized counsel in accordance with the local rules of this court and the Federal Rules of Civil Procedure—the court finds that Global's petition for removal (ECF No. 1) was improperly filed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Monetary's motion to strike (ECF No. 9) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

. . .

. . .

---

[2] *E.g.*, Mr. Markowitz's verified petition shows a Nevada address for his law firm, indicating he both lives and is regularly employed in the state and thus does not meet the minimum qualifications.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    IT IS FURTHER ORDERED that Global's petition for removal (ECF No. 1), be, and the
2  same hereby is STRICKEN.
3    The clerk is hereby instructed to close the case.
4    DATED December 6, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**